IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:04CV178

| | |
|---|---|
| MERITOR TRANSMISSION CORPORATION, ) ) ) Plaintiff, ) ) vs. ) ) EATON CORPORATION, ) ) Defendant. ) ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's motion for a protective order concerning the deposition of Thomas Desautels, Plaintiff's motion for a protective order regarding a Rule 30(b)(6) deposition, and the Defendant's motion to compel the production of a claim chart and for *in camera* inspection of certain documents.

Meritor's attorney claims that Eaton scheduled the deposition of Thomas Desautels at an inconvenient time. Eaton responds that since February 2005, it has attempted to obtain a definite date from Meritor for the deposition.

Next, Meritor's attorney claims that Eaton has scheduled the deposition of an officer, director or agent of Meritor, the so-called "Rule 30(b)(6)" motion, on the topic of an interim claim chart, a deposition which is "inappropriate and, in any event, premature for several reasons." **Plaintiff's Motion for a Protective Order regarding 30(b)(6) Deposition of Plaintiff, filed June 24, 2005.** Counsel then proceeds through a litany of complaints about

Eaton's conduct in the litigation. Eaton responds that it is attempting to complete fact discovery prior to the September 23, 2005 deadline called for in the Pre-trial Order and Case Management Plan.

Both the Local Rules and the Pre-trial Order and Case Management Plan entered on January 25, 2005 require that motions, other than for dismissal, summary judgment or default judgment, be accompanied by a statement "that counsel have met and attempted in good faith to resolve areas of disagreement and should set forth which issues remain unresolved." **Rule 7.1, Local Rules of Civil Procedure for the United States District Court for the Western District of North Carolina.** Meritor's motions do not contain such a statement and will be summarily denied.

Eaton has moved to compel Meritor to file a claim chart which complies with the Pre-trial Order and Case Management Plan. Eaton's attorney has complied with the Local Rule by stating that a good faith effort to resolve this dispute has been unsuccessful. Regarding motions to compel, the Pre-trial Order and Case Management Plan provides that

> [a]fter reviewing the merits of a motion and the response thereto, the Court may order the parties to confer again in a good faith attempt to resolve the dispute or to narrow the issues. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure, the Court expects all parties to attempt in good faith to resolve discovery dispute without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

**Pre-trial Order and Case Management Plan, filed January 25, 2005, at 4.**

In patent cases, this Court does not refer discovery disputes to the Magistrate Judge. Nor does the Court frequently become involved in discovery matters because it is expected that trial counsel will resolve discovery disputes. Without ruling on the pending motion to compel, the Court does note that Meritor's counsel appears to take an inconsistent and unduly strident

approach to discovery. The parties will be provided another attempt to resolve their differences.

In November 2004, the Court noted "While it has been the experience of the undersigned in patent cases that the attorneys may be unduly contentious, counsel for these parties are heartily encouraged to cooperate with each and to avoid unnecessarily fastidious litigation methods." **Order, filed November 3, 2004.** That suggestion is reiterated.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motions for protective orders are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to compel the production of a claim chart and for an *in camera* inspection of certain documents is hereby **DENIED** without prejudice to renewal if agreement is not reached by the parties regarding these issues on or before 10 days of entry of this Order.

**IT IS FURTHER ORDERED** that counsel for the parties shall confer again in a good faith attempt to resolve the dispute or to narrow the issues. If the efforts are unsuccessful, the parties shall notify the Court in writing on or before July 22, 2005. In that event, a hearing will be conducted on July 25, 2005 at 10:00 a.m. at the United States Courthouse, 100 Otis Street, Asheville, N.C. 28801.

The Clerk of Court is advised that a court reporter will not be needed for the hearing.

**Signed: July 12, 2005**

Lacy H. Thornburg
United States District Judge