IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:04CV178

| MERITOR TRANSMISSION CORPORATION, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| Vs. | ) ) | **O R D E R** |
| EATON CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on two motions to compel of the Plaintiff, both of which are opposed by the Defendant.

**A.  The motion to compel filed July 26, 2005**

The Pretrial Order and Case Management Plan, filed January 25, 2005, provides that Meritor was to have produced "a claim chart applying the claims to the accused product(s) or stating in what manner it is unable to do so no later than *May 16, 2005*." **Pretrial Order and Case Management Plan, filed January 25, 2005, ¶ II-F (emphasis provided).** The Defendant's opposition chart was to be produced no later than June 16, 2005. *Id.* According to the Plaintiff's motion, it produced its claim chart to the Defendant on June 27, 2005, not May 16, 2005.[1] The preamble to the chart produced in June contains the following reservations:

---

[1] In a footnote of the Plaintiff's brief, reference is made to a pleading captioned, "Meritor's Notice of Serving of Interim Claim Chart" purportedly filed May 16, 2005. ***See,***

> Meritor *presently* asserts claims 1-4 and 8 against both the AutoShift and UltraShift transmissions. The *present* state of Meritor's investigation does not allow an answer with respect to claims 5-7 *at this time*. Meritor does not *presently* plan to assert claims 9-20 against the AutoShift or UltraShift products it has observed.
>
> . . .
>
> Meritor will *seasonably update* its claim chart as Eaton continues to produce materials and Meritor continues to analyze them.

**Exhibit A, Meritor's First Supplemental Claim Charts,** *attached to* **Plaintiff's Motion to Compel and Motion for Expedited Briefing and Consideration, filed July 26, 2005, at 1, 33 (emphasis added).** As to the reservations contained in the claim chart, Meritor notes:

> The unremarkable fact that Meritor reserved the right to modify its claim chart based on new information it might thereafter receive in discovery from Eaton ... should not delay *Eaton's* disclosure of the comprehensive claim chart that it has already proposed to file *in camera* with the Court.

**Plaintiff's Motion to Compel, filed July 26, 2005, at 3.**

Eaton's response is that until the Plaintiff complies with the pretrial order, it need not do so. And, it argues, the reservations contained within Meritor's chart preclude full compliance with the pretrial order.

The Court's resolution is simple. Both claim charts are hereby stricken as incomplete. The language[2] of the Pretrial Order and Case Management Plan, filed January 25, 2005, is hereby amended to read as follows:

> F.    Claim Charts: Plaintiff shall produce a final and complete claim chart applying the claims to the accused product(s) on or before September 9, 2005. The Defendant's opposition claim chart shall be produced no later than September 16,

---

**Plaintiff's Motion to Compel and Motion for Expedited Briefing and Consideration, filed July 26, 2005, at 4 n.1.** There is no such document filed with the Court.

    [2]The Court notes that the language in the current version of the Pretrial Order and Case Management Plan was provided by the parties.

2005.  Both parties shall determine and advise opposing counsel no later than September 9, 2005, whether advice of counsel will be claimed and shall produce such advice no later than that date.  **Neither party may produce a claim chart which contains a reservation as to completeness.  Absent an extraordinary circumstance, neither party may amend the claim chart after the dates above prescribed.  In the event that either party fails to comply with the full letter and spirit of this paragraph, appropriate sanctions may be entered.  The parties are quite simply to comply with the Court's directive.**

The next portion of the motion to compel concerns the production of Generation I computer source code.  Eaton clarifies that it has produced all versions of Generation II and III source codes but objected to the production of Generation I source code on the grounds of relevance.  Meritor does not dispute that the Generation II and III codes have been produced.

According to Meritor, "source code is what controls the transmission and goes to the core of Meritor's infringement allegations."  **Meritor's Reply in Support of its Motion to Compel, filed August 16, 2005, at 6.**

> Beyond the obvious fact that the Generation I source code is the basis for the admittedly relevant Generation II source code, the Generation I source code has apparently been used in various Eaton transmissions since 1998, so that it is part of the accused products.  Further, there are trucks still in service with Generation I source code[.]

**Plaintiff's Motion to Compel, filed July 26, 2005, at 4.**  Eaton responds that significant portions of this source code are not recoverable due to a change in its computer systems during 1999 and 2000.  Eaton phased out AutoShift Generation I and switched to AutoShift Generation II during that time period and a significant portion of the Generation I source code was not carried over to the new computer systems.  Eaton claims that "five years later, locating, recovering, and reconstructing much [of] this information may be impossible."  **Defendant's Response in Opposition to Plaintiff's Motion to Compel, filed August 5, 2005, at 8.**

Moreover, Eaton claims, and Meritor does not dispute, that it has produced the functional performance specifications for AutoShift Generation I, a "high-level, detailed description of how the transmissions (including the source code) operate." ***Id.*, at 7.** Eaton also claims that it has produced as much of the code as it has been able to reconstruct through its engineers. Meritor has not disputed these allegations except to reiterate that the code should be produced.[3] The Court finds that Eaton has done all that is necessary in an attempt to satisfy this discovery request and is not obligated to undertake overly burdensome steps to recreate that which no longer exists.

**B.      The motion to compel filed July 29, 2005**

In Request No. 2 of Meritor's first request for production, it sought materials "relating to software and/or firmware of the Accused Devices[.]"[4] **Exhibit B, Plaintiff's First Request for Production of Documents and Things,** *attached to* **Plaintiff's Memorandum in Support of Plaintiff's Motion to Compel, filed July 29, 2005, at 6 (footnote added).** Meritor claims that from the documents provided by Eaton, it "has identified in Eaton's software a parameter that is entitled 'torque_at_zero'" which it claims is relevant to the litigation. **Plaintiff's Memorandum, at 4.** In a letter written after this discovery, Meritor asked Eaton to comply with production of

---

[3] The reply filed by Meritor is missing a page. Page six ends with an incomplete sentence which is not completed on page seven. Page seven contains only the conclusion. There is no page eight to the pleading and page nine contains the certificate of service.

[4] Defendant argues that the words "and/or firmware" did not appear in the request. The copy of the request filed by Meritor in support of this motion does, however, contain those words. If the Defendant is able to show that the language was missing from the document served on it, notification thereof should be provided to the Court.

this documentation. Now, Meritor claims this item was covered by a previous request and moves to compel production. The previous request read:

> Produce any Documents Relating to software and/or firmware of the Accused Devices, including but not limited to, current and past versions of: source code (including remarks, revisions and comments), algorithms, flow charts (including the author's), functional specifications, logic sequences, description of the software in prose (including the author's), software control routines, functions of the control routine, capabilities of the control routine, all descriptions of the software and all other information or Documents which show the operation of all aspects and elements of the software used in the Accused Devices.

**Exhibit B,** *supra.* The Court cannot fathom how the specific request concerning the identified parameter could have been gleaned by the Defendant from this overly broad request.

Meritor also claims that in a letter dated June 17, 2005, it requested the production of a series of categories of documents "which fall under its First Set of Requests for Production." **Plaintiff's Memorandum, at 5.** The Court has reviewed the items sought and finds, first, that it would not be apparent from the Request that these items would be included. Secondly, the items sought are overbroad.

Request No. 7 requested the production of "all user manuals, operating manuals, service manuals, repair manuals, maintenance manuals, sales manuals, and any other form of manual or instruction with respect to any of the components of any of the Accused Devices." **Exhibit B, at 8.** Again, after Eaton complied with the request and produced documents, Meritor concluded that Eaton had failed to fully comply with the request. By letter, Meritor asked for documents "or things related to the hardware Eaton has approved for use with its Accused Device products[.]" **Exhibit F, Letter dated June 17, 2005,** *attached to* **Plaintiff's Memorandum, at 2.** The letter request did not mention manuals and the undersigned does not agree that the

specific request made by letter falls within the scope of the general, broad request in Request No. 7.

Next, Meritor claims that the catch-all language relating to "software and/or firmware" includes test results "referenced in Eaton's Functional Specifications, which provide the blueprint of how Eaton's devices operate." **Plaintiff's Memorandum, at 8.** Again, the Court finds Meritor's reading of that request overly expansive.

With the exception of the sales agreements, the Court finds the remainder of Meritor's motion without merit. As to the sales agreements, Meritor is to provide a more narrowly drafted and less broad request.

The Court has previously counseled the parties that it considers their conduct in discovery inappropriate. While failing to specifically target Plaintiff's counsel, the Court noted that he took a strident approach. The Court now finds it necessary to specifically caution Mr. Brenner. The unreasonable approach taken toward discovery has involved excessive judicial resources in matters which should have been resolved amicably between the parties. Mr. Brenner is hyper-technical in what he expects from the Defendant, while simultaneously bootstrapping discovery issues onto previous requests which were so overwhelmingly broad as to render compliance totally impossible. The Court suggests that he amend his future conduct as the case progresses.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Pretrial Order and Case Management Plan filed January 25, 2005, is hereby **AMENDED** as follows:

      F.      Claim Charts: Plaintiff shall produce a final and complete claim chart applying the claims to the accused product(s) on or before September 9, 2005. The Defendant's opposition claim chart shall be produced no later than September 16, 2005. Both parties shall determine and advise opposing counsel no later than September 9, 2005, whether advice of counsel will be claimed and shall produce such advice no later than that date. **Neither party may produce a claim chart which contains a reservation as to completeness. Absent an extraordinary circumstance, neither party may amend the claim chart after the dates above prescribed. In the event that either party fails to comply with the full letter and spirit of this paragraph, appropriate sanctions may be entered. The parties are quite simply to comply with the Court's directive.**

**IT IS FURTHER ORDERED** that the Plaintiff's motions to compel are hereby **DENIED**.

**IT IS FURTHER ORDERED** that in the future, no reply to a response may be filed in this litigation without prior approval of the Court.

**Signed: August 29, 2005**

Lacy H. Thornburg
United States District Judge