# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO. 1:04CV178

| | | |
|---|---|---|
| **MERITOR TRANSMISSION CORPORATION,** | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | <u>O R D E R</u> |
| **EATON CORPORATION,** | ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for a *Markman*[1] hearing, a briefing schedule and a scheduling conference, the Defendant's response thereto, and the parties' joint motion to continue the trial.

### I. PROCEDURAL HISTORY

In the complaint, filed August 27, 2004, the Plaintiff Meritor Transmission Corporation (Meritor) made the following claims: (1) Eaton Corporation (Eaton) is infringing its '477 patent; (2) in April 2002, a

---

[1] ***Markman v. Westview Instruments, Inc.***, 517 U.S. 370 (1996).

proceeding occurred before the United States Board of Patent Appeals and Interferences (Board) in which that Board concluded that employees of the Defendant were not prior inventors of the subject matter of the patent and the '477 patent is not invalid; (3) as a result, the Plaintiff seeks a declaration that Eaton is infringing the patent and incidental relief.

Eaton answered on October 13, 2004, by admitting that the issues of priority and validity were raised before the Board but claiming that the decision issued by the Board was not binding or precedent. It raised as a defense the claim that the '477 patent is unenforceable because the prosecuting attorney withheld certain information about prior art from the United States Patent and Trademark Office (PTO). It further raised as a defense that it has not infringed the patent which, it claims, is invalid.

The Pretrial Order and Case Management Plan issued on January 25, 2005, and set a discovery deadline of November 14, 2005, with a motions deadline of November 23, 2005. On November 23, 2005, Meritor filed a motion for summary judgment raising the following issues: (1) decisions of the PTO are given preclusive effect; (2) decisions of the Board are given preclusive effect; (3) in the interference proceeding before the Board, the issue of validity was addressed and decided; and (4) *res*

*judicata* precludes Eaton from these issues in this action. This motion does not address the issues of claim construction or infringement.

On the same day, Eaton filed a motion for summary judgment raising as an issue that its products do not infringe Meritor's patent because they do not include all of the required elements of the '477 patent. Inherent in the motion are issues dealing with claim construction.

## II.  DISCUSSION

The parties had previously represented to the Court that a *Markman* hearing would not be necessary because the motions for summary judgment might dispose of most of the issues involved in the case. Meritor now feels that such a hearing is necessary because claim construction issues, it argues, remain unresolved.

The Court will first rule on the motions for summary judgment. In the event that claim construction is required, it will be done without conducting a *Markman* hearing. **Ballard Med. Prods. v. Allegiance Healthcare Corp., 268 F.3d 1352, 1358 (Fed. Cir. 2001) (The Federal Circuit has never required district courts to conduct evidentiary hearings as part of the claim construction process. While "some courts have found it**

**useful to hold hearings . . . [s]uch a procedure is not always necessary.");** *accord, Vitronics Corp. v. Conceptronic, Inc.*, **90 F.3d 1576, 1583 (Fed. Cir. 1996).** The Court does not find that further scheduling conferences are necessary. Moreover, all of the deadlines in the Pretrial Order and Case Management Plan having passed, the parties are advised that until the pending motions have been considered and determined by the Court, neither party may file further motions without first receiving permission from the Court.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the parties' joint motion to continue is **ALLOWED**, and this matter is hereby continued from the March 2006 term of Court. The case will not be rescheduled for trial until such time as the Court rules on the pending motions for summary judgment.

**IT IS FURTHER ORDERED** that the motion for a *Markman* hearing, a *Markman* briefing schedule, and for a scheduling conference is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that pending the disposition of the motions before the Court, neither party may file additional motions absent

prior permission from the Court.  Such permission should not be sought absent a compelling need.

Signed: February 1, 2006

Lacy H. Thornburg
United States District Judge