**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:04CV178**

| | | |
|---|---|---|
| **MERITOR TRANSMISSION CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **EATON CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's motion for summary

judgment as to Defendant's "invalidity defense" to a patent infringement

claim.

## I. BACKGROUND AND PROCEDURAL HISTORY

In 1996, Plaintiff's predecessors, Rockwell International Corporation

and Detroit Diesel Corporation, were issued U.S. Patent No. 5,573,477

("the 477 patent") by the United States Patent and Trademark Office

("USPTO") for "a transmission system that allows a truck drive to tell the

truck when to shift gears, and then makes it easy for the gears to be

shifted without using the master clutch." **Plaintiff's Brief in Support of Motion for Summary Judgment, filed November 23, 2005, at 2.** Defendant, however, also had a patent application filed with the USPTO claiming the same invention. Thus, in 1997, Defendant asked the USPTO to initiate a patent interference proceeding against Plaintiff. *Id*.

In 2002, the USPTO responded to Defendant's request by declaring Interference No. 104,835 ("the 835 interference") as to the 477 patent, and set the matter for hearing before the USPTO Board of Patent Appeals and Interferences ("the Board"). *Id*. The 835 interference was divided into two phases, both in which Defendant attempted to establish priority of invention by challenging the validity of Plaintiff's 477 patent. *Id*. **at 3.** During the first phase, in 2003, the Board heard oral arguments on Defendant's assertion of invalidity based upon anticipation and obviousness. *Id*. Evidence presented at this hearing included documentation as well as expert opinion. *Id*. **at 3-4.** After this hearing, the Board rejected Defendant's anticipation and obviousness arguments through a 30-page written opinion. **Exhibit E, *Genise v. Desautels*, Patent Interference No. 104,835, at 17, 18 (Board of Patent Appeals and Interferences May 22, 2003)**

[hereinafter *Genise I*], *attached to* Plaintiff's Motion for Summary Judgment.

During the second phase of the interference proceeding, Defendant again attempted to establish priority by attacking the validity of Plaintiff's 477 patent, this time based upon a theory of actual reduction to practice by Defendant's employees. **Plaintiff's Brief,** *supra.* In March 2004, the Board held oral arguments on the matter and considered evidence ranging from documentation to written witness testimony. *Id.* Once again, the Board rejected Defendant's argument, this time through a 39-page written opinion issued in April 2004. **Exhibit F,** *Genise v. Desautels***, Patent Interference No. 104,835, at 38-39 (Board of Patent Appeals and Interferences April 28, 2004) [hereinafter** *Genise II*], *attached to* **Plaintiff's Motion for Summary Judgment.**

After issuing its opinion, the Board consolidated the two phases of the 835 interference proceeding and awarded priority to Plaintiff. ***See*,** **Exhibit I, Judgment,** *attached to* **Plaintiff's Motion for Summary Judgment.** Defendant could have appealed this ruling under 35 U.S.C. § 141, which allows the losing party in a patent interference suit to appeal the Board's ruling directly to the Federal Circuit, or 35 U.S.C. § 146, which

allows a quasi-appeal for the losing party in the form of a civil suit in district court over the Board's interference ruling. However, Defendant chose not to appeal the Board's judgment and, therefore, the Board's judgment became final. **Exhibit D, Defendant's Objections and Responses to Plaintiff's First Requests for Admission, *attached to* Plaintiff's Motion for Summary Judgment, at 6.**

In August 2004, Plaintiff filed the current suit against Defendant for patent infringement. Specifically, Plaintiff alleges Defendant has infringed on claims 1-4 and 8 of its 477 patent, the very same claims at issue in the 835 interference proceeding. One defense Defendant asserts is the invalidity of Plaintiff's 477 patent. Plaintiff, arguing under the doctrines of collateral estoppel and *res judicata* that the issue and claim of validity has been litigated and decided in a final judgment against Defendant, now seeks summary judgment from this Court to prevent Defendant from raising new questions of validity.

## II. STANDARD OF REVIEW

A motion for summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Fed. R. Civ. P. 56(c).** "Summary judgment is proper 'unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'" ***Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).** A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleading[s], but [must] . . ., by affidavits or as otherwise provided in [Rule 56], . . . set forth specific facts showing that there is a genuine issue for trial." **Fed. R. Civ. P. 56(e).** Moreover, in considering the facts for the purposes of this motion, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).**

## III.  THE PRECLUSIVE EFFECT OF RULINGS BY ADMINISTRATIVE AGENCIES

Rulings by administrative tribunals have been given preclusive effect when the administrative agency "is acting in a judicial capacity."  ***United States v. Utah Constr. & Mining Co.***, **384 U.S. 394, 422 (1966) ("When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.").**  Further, the United States Court of Claims[1] specifically held that a ruling made by the Board of Patent Appeals can have preclusive effect on further litigation.  ***Coakwell v. United States***, **292 F.2d 918 (Ct. Cl. 1961).**

> It is obvious that a decree of the District Court upholding the action of the Patent Office, affirmed on appeal, would be a final adjudication of the question and would be res adjudicata in all other courts . . . .  Where the losing party fails to effectively review the Patent Office action in one of the courts and it becomes final, it is equally binding on the parties.  It has the same finality as the judgment of either of the courts would have had if one of them had reviewed it.

———————————————

[1] Holdings of the United States Court of Claims announced before the close of business on September 30, 1982 were adopted by the Federal Circuit as precedent.  ***South Corp. v. United States***, **690 F.2d 1368, 1370 (Fed. Cir. 1982).**

***Id.,* at 920; *see also Hubel v. Tucker*, 24 F. 701, 702 (C.C.S.D.N.Y. 1885)
("It may very well be held that where the defeated party does not
adopt the statutory mode of contesting the decision of the
patent-office upon the question of priority of invention, the decision
should be held conclusive.").** The *Coakwell* court further stated that
because the party opposing issue preclusion "had 'its day in court'" and
had a full opportunity to litigate the contested issues, issue preclusion was
appropriate. ***Id.* at 921.** Additionally, a Maryland district court held a party
was "bound by the former decision [by the Board] on priority under
principles of Res judicata[,]" and such decision was affirmed by the Fourth
Circuit. ***William T. Burnett & Co., Inc. v. General Tire & Rubber Co.*,
454 F. Supp. 794, 799 (D. Md. 1978), *aff'd*, 609 F.2d 512 (4th Cir. 1979).**

The Court notes that whether administrative proceedings, particularly
rulings made by the Board of Patent Appeals in interference proceedings,
should be given preclusive effect is a historically contested issue to which
there is support for both sides. ***See generally* Charles L. Gholz,
*Collateral Estoppel Effect of Decisions by the Board of Patent
Interferences*, 30 DePaul L. Rev. 789 (1981).** However, because the
Fourth Circuit has precedent which allows rulings by the Board to have a

preclusive effect on subsequent litigation, the undersigned believes it is appropriate to allow preclusion if the necessary requirements are met. Therefore, if an administrative body acts "in a judicial capacity" by resolving disputed factual issues between parties who have had an opportunity to litigate their positions, and the ruling becomes final, this Court is free to give the ruling made by the administrative body preclusive effect. After reviewing both the available procedures before the Board and the actions taken by the parties in pursuing or defending against the interference claim, it is clear to this Court that the Board's ruling in the 835 interference should be given preclusive effect in this case.

Patent interference procedures before the Board, at the time the present parties litigated their dispute, were governed by 37 C.F.R. § 1.601-1.690 (2000) ("the interference rules").[2] A patent interference is defined as "a proceeding instituted in the Patent and Trademark Office before the Board to determine any question of patentability and priority of invention between two or more parties claiming the same patentable invention." **37**

---

[2] In August 2004, the patent interference procedures in the Patent and Trademark Office were amended and re-coded as 37 C.F.R. § 41. As this case's litigation occurred before 2004, this Court will review the ruling by the Board in accordance with the procedures in effect at the time of litigation.

**C.F.R. § 1.601(i).**  The Federal Rules of Evidence apply to patent

interference proceedings, unless otherwise noted.  **37 C.F.R. § 1.671.**

Section 1.653 lists the records and exhibits admissible in an interference

proceeding, which include but are not limited to affidavits, transcripts of

depositions (depositions must be authorized by the presiding

administrative judge), interrogatories, and documentary exhibits.  The

interference rules include provisions on how testimony shall be taken and

how to object to testimony, as well as requiring notice to be given if a party

is authorized to depose a witness.  **37 C.F.R. § 1.672-73.**  In its final

hearing, the Board may consider "any properly raised issue," including the

admissibility of evidence, patentability of an invention, and "any other

matter necessary to resolve the interference."  **37 C.F.R. § 1.655.**  Before

the Board issues its final ruling, the parties are allowed to file briefs and

appear before the Board for oral argument.  **37 C.F.R. §§ 1.656, 1.654.**

In the instant case, both parties had full opportunity to litigate their

claim as provided under the interference rules.  In particular, Defendant

actually took advantage of the allowed discovery and proffering of

testimony available under the interference rules.  Defendant submitted

documentary evidence as well as expert and witness testimony via

affidavits and written declarations. Defendant also briefed its position and was heard before the Board. These actions taken by Defendant in pursuing its interference claim, as well as the various procedural options available to Defendant throughout the interference litigation, lead the undersigned to believe Defendant had ample opportunity to litigate its position.

Further, despite Defendant's best efforts, the Board resolved the dispute between the parties in favor of Plaintiff in the form of 69 written pages of analysis and conclusions. Once Defendant failed to appeal this decision, the Board's ruling became final. **37 C.F.R. § 1.658(a).** The Board's final ruling, in addition to the procedural options offered to and taken by both parties, satisfies this Court's inquiry as to whether the Board was acting "in a judicial capacity." As stated by one scholar in patent interferences, "[i]n the case of decisions by the Board of Patent Interferences, the procedural safeguards include significant discovery rights, rules of evidence based upon the specialized facts involved, oral argument before a board composed of individuals with technical expertise infrequently possessed by judges, and a reasoned judgment subject to full court review." **Gholz, *supra*, at 800.**

Defendant argues the discovery and other procedural options offered under the Federal Rules of Civil Procedure are much greater than those offered in interference proceedings, and therefore, any ruling made by the Board in the instant interference proceeding should not be given preclusive effect.  While Defendant is correct in noting the Federal Rules of Civil Procedure offer greater abilities for broader discovery, Defendant fails to address why it did not take advantage of such an opportunity through an appeal of the Board's ruling.  Defendant had ample opportunity to appeal the Board's decision to either the Federal Circuit or by initiating a civil suit in federal district court.  ***See* 35 U.S.C. §§ 141,146.**  Defendant's ability and failure to appeal, while not conclusive, is nevertheless influential in this Court's decision that Defendant had a full and fair opportunity to litigate its position.  Accordingly, this Court will give the Board's ruling preclusive effect, where appropriate.

## IV.  ISSUE PRECLUSION

Next, this Court must determine what part, if any, of the current litigation between the two parties is subject to preclusion due to the previous litigation.  The doctrine of issue preclusion, or collateral estoppel,

"forecloses 'the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigation.'" ***Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (quoting *Ramsay v. INS*, 14 F.3d 206, 210 (4th Cir. 1994)).** The party asserting the application of issue preclusion must establish the following five elements: "1) the issue sought to be precluded is identical to one previously litigated; 2) the issue must have been actually determined in the prior proceeding; 3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; 4) the prior judgment must be final and valid; and 5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum." ***Id.***

When addressing questions of issue and claim preclusion with regards to patent and trademark cases, the Federal Circuit has continually looked to the *Restatement (Second) of Judgments* (1982) for guidance in this often confused area of law. **See *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed. Cir. 2000); *Young Engineers, Inc. v. U.S. Int'l***

*Trade Comm'n*, **721 F.2d 1305, 1314 (Fed. Cir. 1983).** This Court agrees

that the *Restatement* is instructive in resolving the present dispute.

The *Restatement (Second) of Judgments* defines issue preclusion as

"[w]hen an issue of fact or law is actually litigated and determined by a

valid and final judgment, and the determination is essential to the

judgment, the determination is conclusive in a subsequent action between

the parties, whether on the same or a different claim." ***Restatement***

***(Second) of Judgments*** **§ 27 (1982).** Further, the *Restatement* notes that

the difficult process of determining which "issues" are precluded from

relitigation "involves a balancing of important interests: on the one hand, a

desire not to deprive a litigant of an adequate day in court; on the other

hand, a desire to prevent repetitious litigation of what is essentially the

same dispute." *Id.* **cmt. a.** Whether the issues in the first and second

proceeding are the same depends on a number of factors, such as the

close relationship between the issues, whether pretrial discovery in the first

matter could have been reasonably expected to lead to the issues raised in

the second matter, and the amount of overlap between the issues in the

two proceedings. *Id.* In narrowing the focus for application of the doctrine,

the *Restatement* also distinguishes between a finding of evidentiary fact

and ultimate fact, or "the application of law to the fact." *Id.* **cmt. c.**
Regarding ultimate fact, the *Restatement* observes, "if the party against
whom preclusion is sought did in fact litigate an issue of ultimate fact and
suffered an adverse determination, new evidentiary facts may not be
brought forward to obtain a different determination of that ultimate fact." *Id.*

Courts applying issue preclusion to intellectual property litigation
have focused on the overall issues previously litigated between the parties,
rather than the arguments made in support of the issue. "[O]nce an *issue*
is raised and determined, it is the entire *issue* that is precluded, not just the
particular arguments raised in support of it in the first case. . . . Preclusion
cannot be avoided simply by offering evidence in the second proceeding
that could have been admitted, but was not, in the first." ***Yamaha Corp. of
America v. United States*, 961 F.2d 245, 254-55 (D.C. Cir. 1992) (citing
*Securities Indus. Ass'n v. Board of Governors*, 900 F.2d 360, 364 (D.C.
Cir. 1990)); *Restatement (Second) of Judgments* § 27 cmt. c).** With
respect to the specific argument of validity, courts have held the validity of
a patent "is a single issue for purposes of collateral estoppel." ***Applied
Medical Res. Corp. v. United States Surgical Corp.*, 352 F.Supp.2d
1119, 1126 (C.D. Cal. 2005) (citing *Zip Dee, Inc. v. Dometic Corp.*, 905**

**F.Supp. 535, 537-538 (N.D. Ill.1995) (citing *Restatement (Second) of
Judgments* § 27)); *Pall Corp. v. Fisher Scientific Co.*, 962 F. Supp. 210,
213 (D. Mass.1997); *Advanced Display Sys. v. Kent State Univ.*, 2002
WL 1489555, at \*10 (N.D. Tex. 2002); *Unique Coupons, Inc. v.
Northfield Corp.*, 2000 WL 631324, at \*1 (N.D. Ill. 2000).**  Although there
is no Fourth Circuit precedent regarding the definition of "validity" as a
single issue, this Court agrees with the above referenced cases and finds
the validity of a patent is a single issue to be decided which is attacked
using numerous arguments, such as obviousness, anticipation, public use,
and actual reduction to practice.  ***See also* 35 U.S.C. § 102 (stating a
person is entitled to a patent unless one of the subsections, including
obviousness, anticipation, and public use, among others, is proven).**

In concluding that "validity" is a sole issue to be precluded, the focus
turns to whether issue preclusion, as defined above, is appropriate
considering the history of the instant case.  As stated previously herein,
this Court finds Defendant had a full and fair opportunity to litigate its claim
of invalidity, and that the ruling made by the Board became final and valid
after Defendant failed to appeal the decision.  Thus, the inquiry as to issue
preclusion in the instant case is whether the Board's ruling actually

determined the issue of the validity of Plaintiff's patent, whether the issue was a critical and necessary part of the Board's decision, and whether the issue in the prior proceeding is identical to the one now before the Court.

_____During the interference proceeding, Defendant attempted to establish priority by attacking the validity of Plaintiff's 477 patent. Specifically, Defendant argued Plaintiff's patent was invalid due to anticipation, obviousness, and actual reduction of the invention to practice by Defendant's employees. Each one of these arguments was rejected by the Board. *See,* **Exhibit E,** *Genise I* **at 17, 18; Exhibit F,** *Genise II* **at 38-39.** After reviewing the written decision of the Board, it is obvious that the rejection of these arguments, all of which were a clear attempt to invalidate Plaintiff's patent, were a critical and necessary part of the Board's decision, and that the issue of validity regarding Plaintiff's patent was actually determined by the Board. In the 69 pages of opinions authored by the Board, only these three arguments made by Defendant were addressed therein. *See,* **Exhibit E,** *Genise I* **at 5-18; Exhibit F,** *Genise II* **at 6-39.** Defendant appeared to offer no other basis worthy of the Board's mention to establish priority in the interference proceeding. Further, these three arguments were addressed by the Board at length, noting its review of

relevant case law and submitted evidence, including both documentation and witness testimony.  Defendant's arguments constructed an overall attempt to invalidate Plaintiff's 477 patent, and it is clear to this Court that the issue of validity regarding Plaintiff's patent was not only actually determined by the Board but also a critical and necessary part of its determination.

The only remaining question is whether Defendant is attempting to now relitigate the identical issue of validity regarding Plaintiff's 477 patent. In Defendant's answer to Plaintiff's initial complaint, Defendant listed as its fourth defense that "[t]he '477 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112." **Defendant's Answer, filed October 13, 2004, at 3.**  Additionally, Plaintiff specifically asserts, and Defendant does not deny, that Defendant will attempt to prove invalidity based upon three new arguments: actual reduction to practice by Defendant's employees other than those claimed to be the original inventors in the 835 interference proceeding; obviousness based upon alternative grounds than those argued in the interference proceeding; and public use of the invention by Plaintiff under 35 U.S.C. § 102(b).  **Plaintiff's Brief, at 9-10.**  Thus, it

appears Defendant plans to relitigate the issue of validity regarding Plaintiff's 477 patent.

Defendant is correct in noting that these new theories of invalidity were not presented to the Board in the interference proceeding. However, as stated before, "once an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case. . . . Preclusion cannot be avoided simply by offering evidence in the second proceeding that could have been admitted, but was not, in the first." *Yamaha*, **961 F.2d at 254-55.** Defendant clearly could have made each of these new arguments in the first interference proceeding. Defendant's current arguments of actual reduction to practice and obviousness were actually presented to the Board, but on different facts. The facts Defendant now utilizes to support its argument – different employees actually reduced the invention to practice, and Plaintiff's patent was obvious based upon previous patents – were available to the Defendant in the interference proceeding. Simply put, Defendant apparently did not do all of its homework in researching and developing these arguments during the 835 interference proceeding. Finally, Defendant's new argument of public use of the invention by Plaintiff was

known to Defendant at the time of the interference proceeding. *See,*

**Exhibit K,** *attached to* **Plaintiff's Motion for Summary Judgment.**

Therefore, Defendant's new arguments in support of its claim of invalidity

of Plaintiff's 477 patent are simply arguments that Defendant could have

made during the interference proceeding, but chose not to.

In the interest of judicial economy, this Court finds: 1) Defendant has

previously had a full and fair opportunity to litigate the issue of validity

regarding Plaintiff's 477 patent; 2) the issue in the instant case is identical

to the issue raised by Defendant in a previous hearing; and 3) this issue

has previously been necessarily determined by a final decision of an

agency acting "in a judicial capacity."  Accordingly, Defendant is precluded

from raising questions about the validity of Plaintiff's 477 patent.  Because

the Court finds Defendant is barred from raising the issue of validity in this

subsequent litigation under the doctrine of issue preclusion, the Court does

not need to address Plaintiff's alternative theory of claim preclusion.

# V.  ORDER

_____**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for summary

judgment as to Defendant's invalidity defense is **GRANTED** under the

doctrine of issue preclusion.

Signed: September 26, 2006

Lacy H. Thornburg
United States District Judge